UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ADOLPHUS EDWARDS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | 2:09-cr-00056-DBH 2:11-cv-00097-DBH |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Adolphus Edwards was one of many defendants to come before this court for sentencing for participation in a marijuana drug-trafficking conspiracy. As did all of his co-conspirators, Edwards pled guilty. In so doing, he waived his right to appeal his guilty-plea conviction or his sentence if it did not exceed 70-months. (Doc. No. 229 at 3.) Edwards was sentenced to 46-months on March 22, 2010. Before the Court is a 28 U.S.C. § 2255 motion with two grounds claiming that his attorney delivered ineffective assistance of counsel.[1] I now recommend that the Court deny Edwards 28 U.S.C. § 2255 relief.

**DISCUSSION**

With regards to Edwards's Sixth Amendment ineffective assistance claim, Strickland v. Washington, 466 U.S. 668 (1984) governs the resolution of the merits of Edwards's 28 U.S.C. §2255 grounds. "In order to prevail," Edwards "must show both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability

---

[1] In his reply memorandum Edwards makes it clear that his first of three enumerated grounds is that he has a right to bring this 28 U.S.C.§ 2255 motion even though he waived his right to appeal his guilty-plea conviction or a sentence if below 70-months. (Reply Mem. at 1-2.) The United States does not argue that Edwards waived his right to file a 28 U.S.C. § 2255 motion. In light of the fact that there is no obstacle to Edwards's attempt to raise tenable § 2255 claims, this first ground really merges -- in terms of the substance of Edwards discontents -- into Edwards's second ground which faults his attorney for not arguing for a lower sentence based on a disparity relative to sentences imposed on his co-conspirators.

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. De La Cruz, 514 F.3d 121, 140 (1st Cir. 2008) (citing Strickland, 466 U.S. at 688, 694). "In other words," he "must demonstrate both seriously-deficient performance on the part of his counsel and prejudice resulting there from." Id. Where the §2255 petition is presented to a court familiar with the defendant, the court "is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

### *Edwards's Sixth Amendment Grounds*

Edwards, although the last arrested on this criminal docket, was the first of the multiple conspirators in this case to be sentenced; at the time of Edwards's sentencing, there were at least an additional dozen coming forth into court in his wake. (Sentencing Tr. at 11.) It is Edwards's principal contention that his sentence was disproportionate to several of his conspirators who were sentenced to lesser time but had more involvement in the trafficking conspiracy. (Sec. 2255 Mot. at 11-17.) Edwards became involved in the conspiracy in late 2007 and remained involved in it until April 2009.

With respect to sentencing, defense counsel successfully advocated for the application of the safety valve, thereby subtracting two levels from his offense level sentencing exposure, and also secured a three-level reduction for acceptance of responsibility. (Sentencing Tr. at 5-6, 19 - 20.)

Key to Edwards's 28 U.S.C. § 2255 ineffective of counsel theory of a sentence disproportionate to those sentenced after him is his insistence that he was much less involved in the conspiracy than some of the co-conspirators who received lesser sentences. As the United States summarizes the prosecutor conceded at sentencing,

> that Edward[s] was not leader or organizer of the venture (S.Tr. 12). Rather than receive a share of the profits, he was paid for his services (S.Tr. 12). No evidence showed that Edwards interacted with the McKoy's source of drug supply (S.Tr. 12). Edwards also had no decision-making authority (S.Tr. 12). Instead, the wiretapped conversations portrayed him as following other conspirators' instructions (S.Tr. 12-13). Edwards, whom the conspirators called "Rafael," came to Maine as a result of conversations between Morrill in Maine and Hal McKoy in Connecticut, met conspirators by prior arrangement, and drove money back to Connecticut (S.Tr. 13). Without Edwards's participation, the conspiracy likely would have continued in any event (S.Tr. 13).

(Gov't Answer at 12.)

Although defense counsel argued that Edwards should get a 'minimal participant' reduction the court settled on a 'minor participant' finding reflecting, in essence, that Edwards's extended participation in the conspiracy was sufficient to deny him the benefit of the four-point 'minimal participant' reduction. (Sentencing Tr. at 19.) Obviously Edwards's attorney did not have any way to credibly argue disproportionality as Edwards was the first to be sentenced.[2] The 46-month sentence that Edwards received was at the lowest level of his guideline boundaries. What Edwards is really arguing is that he was entitled to a reduction of his sentence based on the subsequent sentencing of the co-conspirators. He has not filed a motion for reduction of his sentence in his criminal case and he does not suggest that he ever asked counsel to do this on his behalf. This is the kind of challenge that Edwards might have raised on direct appeal but he did plainly waive that right as part of his plea agreement. See United States v. Frady, 456 U.S. 152,

---

[2] The United States summarizes the sentencing determination as follows:
Subsequently, the court imposed the following sentences: Hal McKoy: 144 months; Sean McCoy: 120 months; Russell Fitzgerald: 32 months; Cory MacDonald: 60 months; Patrick Mullen: 27 months; Craig Kimball: 26 months; Robert Dall: 75 months; Thomas Dyer: 30 months; Dennis Taylor: 180 months; Ronald Waterman: time served (Docket Entries). Morrill was sentenced to 120 months. See USDC, Maine, Crim. No. 09-125-P-H. Lewis was sentenced to 27 months. See USDC, Maine, Crim. No. 09-126-P-H.
(Gov't Answer at 16.)

165 (1982); <u>Knight v. United States</u>, 37 F.3d 769, 772 (1st Cir. 1994).[3] This is simply not a sustainable ineffective assistance claim vis-à-vis Edwards's attorney's performance at sentencing.[4]

In his reply memorandum Edwards explains his remaining Sixth Amendment claim as follows:

> [I]n the context of the defense counsel's failure to explore all avenues leading to the merits of the case and penalty in the event of a guilty plea. Edwards would have typically qualified for placement in a minimum security prison, if he were a citizen. However, as a non-citizen the Bureau of Prison will designate him to a medium or higher security prison. In fact, Edwards is currently house[d] in a privately own[ed] prison facility… in Clearfield County, Pennsylvania. In addition, as a non-citizen he is not eligible for early release to the community corrections setting, for any credits for participation in the drug treatment program, and he may not be allowed to participate in the minimal rehabilitative programs the Bureau of Prisons still offers to inmates. Most importantly, he will be deported at the conclusion of his sentence.
> The differential treatment of aliens is a compelling reason for a [18 U.S.C.] § 3553(a) variance from the advisory guideline range, yet [neither] the district court, nor the movant's attorney even acknowledge this argument.

(Reply Mem. at 4-5.)[5]

Edwards cites to <u>Padilla v. Kentucky</u>, __ U.S. __, 130 S.Ct. 1473 (2010) in support of his argument that counsel and the court should have joined issue on a sentencing variance given his immigration status. <u>Padilla</u> addressed the Sixth Amendment obligation of counsel when advising his client with respect to the guilty plea decision and concluded that counsel had not performed

---

[3] The Court gave Edwards very clear guidance on his right to file a notice of appeal even though his waiver of rights was probably valid. (Sentencing Tr. at 23-25.) Edwards did not request that such a notice be filed. However, it must be noted that his co-conspirators were sentenced outside of the time for filing the notice so the underlying substantive claim he articulates now would have been based on supposition only.

[4] Counsel's performance must also be put in the context of the issues in dispute during the sentencing. The United States conceded that Edwards had a peripheral role in the conspiracy. There was nothing to bluster about on that score. Ultimately it was the Court's decision to determine if there were grounds for a variant sentence. The Court declined to do so.

[5] The United States has responded to this ground by including a discussion of an aberrant behavior and Edwards's discontents with the Bureau of Prison's treatment of him. Edwards does not press these concerns in his reply. To the extent that these are still live concerns, Edwards should be denied relief for the reasons stated in the United States' answer. (<u>See</u> Gov't Answer at 25-29.)

4

adequately under Strickland because counsel did not advise his client at the time of the plea that he would face mandatory deportation once he served his sentence.[6]

As for Edwards's counsel's performance on this score, this Court sentenced Edwards on March 22, 2010, and the Padilla decision issued on March 31, 2010. Even if the case was somehow relevant to Edwards's argument for a variant sentence, given the circumstances counsel cannot be faulted under the deferential Strickland performance prong for not citing the still pending Padilla decision. Supposing that Padilla had been issued prior to Edwards's sentencing, it would be a reach for counsel to assert that the newly penned case should be extended to a request for a sentencing variance rather than a decision to plead guilty. Counsel picked his battles for sentencing purposes and he was able to secure a defendant-friendly sentence. Importantly, Edwards does not assert that he was unaware of the mandatory deportation consequence of his guilty plea to controlled substance offenses.[7]

There is no doubt that this Court was cognizant of Edwards's immigration status when it imposed the sentence. (See Sentencing Tr. at 21-22.) There is no hint in the sentencing

---

[6] The Court summarized:
   In the instant case, the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence for Padilla's conviction. See 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States or a foreign country relating to a controlled substance ..., other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable"). Padilla's counsel could have easily determined that his plea would make him eligible for deportation simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses. Instead, Padilla's counsel provided him false assurance that his conviction would not result in his removal from this country. This is not a hard case in which to find deficiency: The consequences of Padilla's plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect.
Id., at 1483.

[7] To the extent that Edwards is straight-faced about arguing that his attorney did not tell him of the potential immigration-related consequences of entering into the plea agreement, he has failed to adequately support this theory by presenting facts to the Court addressing these pre-plea attorney/client conversations or correspondence on this score. (Sec. 2255 Mem. at 18-21.)

5

transcript that had counsel argued something prescient along the lines of Padilla the Court would have considered a variance on this basis. See McGill, 11 F.3d at 225.

## CONCLUSION

As set forth above, I recommend that Edwards should be denied 28 U.S.C. § 2255 relief. I further recommend that a certificate of appealability should not issue in the event Edwards files a notice of appeal because there is no substantial showing of the denial of a constitutional right as contemplated by 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 25, 2011.